

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ISAIAH SMALLWOOD-JACKSON,<br><br>Defendant. | Case No.: 17mj3994-WVG<br><br>**DETENTION ORDER** |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on September 14, 2017, to determine whether defendant Isiah Smallwood-Jackson ("Defendant") should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Janet A. Cabral appeared on behalf of the United States. Attorney Deke Falls, Federal Defenders of San Diego, Inc., appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, the pretrial services report, and the complaint, the Court concludes the following: (1) there is a rebuttable presumption that Defendant presents a risk of flight and a danger to the community; (2) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no

condition or combination of conditions that will reasonably assure Defendant's appearance; (3) the Government met its burden of demonstrating by clear and convincing evidence that Defendant poses a danger to the community and there is no condition or combination of conditions that will reasonably assure the safety of the community; and (4) Defendant failed to rebut the presumption that he presents a risk of flight and a danger to the community.

## I.
## FINDINGS OF FACT

**A.     Rebuttable Presumption of Detention [21 U.S.C. § 3142(e)(3)(A)]**

1.     There is probable cause to believe that Defendant committed an offense against a minor victim under 18 U.S.C. § 2422(b), triggering a rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(E).

**B.     Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)**

2.     Defendant is charged in a complaint with attempted enticement of a minor, an offense which carries a mandatory sentence of at least 10 years and up to life. The serious nature of the crime and the maximum penalty associated with the offense weigh in favor of detention.

**C.     Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)**

3.     The weight of the evidence against Defendant, while the least important factor, is strong. It is alleged in the complaint that Defendant communicated with a 14-year-old minor victim through an application on his cellular phone, and then went to the minor victim's home. The minor female reported to law enforcement she had been sexually assaulted by Defendant. Jackson admitted he knew he was communicating with a minor female who was 14 years old, that he went to the minor female's home, and that he engaged in sexual activity with her. The weight of the evidence favors detention.

//

//

### D. History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)

4. Character: The United States proffered evidence that on two occasions in June of 2017, while on active duty with the U.S. Navy, Defendant was twice absent from his place of duty without authorization. Further, the United States proffered that on five occasions Defendant made false official statements and twice altered or forged documents in relation to his alleged unauthorized absence. This demonstrates a lack of candor as well as a propensity to use sophisticated methods to avoid the consequences of misconduct. This factor weighs in favor of detention.

5. Physical and Mental Condition: There was little or no information about Defendant's physical and mental condition. Accordingly, this factor is treated as neutral.

6. Family Ties: Defendant has a sister in Los Angeles who is willing to assist with bond. Defendant is married and defense counsel proffered that while his wife has moved out of state and is unwilling and unable to assist with bond, she remains supportive. This factor weighs in favor of setting bond.

7. Employment: Defendant has been in the U.S. Navy for four years, but he will likely be separated from the Navy within the next 30 days, leaving him without employment. This factor weighs in favor of detention.

8. Financial Resources: There was little or no information about Defendant's financial assets. This factor is treated as neutral.

9. Length of Residence in the Community: Defendant has lived in San Diego for approximately a year and a half and defense counsel represented Defendant has friends in the community who are supportive. This factor weighs in favor of setting bond.

10. Community Ties: This factor is duplicative of information considered under other factor and will be treated as neutral.

11. History Relating to Drug or Alcohol Abuse: There was little or no information about Defendant's history relating to drug or alcohol abuse. Accordingly, this factor is treated as neutral.

12. Criminal History: Defendant has no prior criminal history aside from the false statement/forgery discussed above. Further, there is a current restraining order prohibiting Defendant from contacting the minor victim who is the subject of the complaint. This factor weighs in favor of detention.

13. Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release: Defendant does not have a record concerning appearance at court proceedings and on probation, parole or other release. This factor is treated as neutral.

E. **Danger to Any Person or the Community [18 U.S.C. § 3142(g)(4)]**

There is a rebuttable presumption Defendant poses a danger to the community based on the nature of the charges. The United States has established by clear and convincing evidence Defendant poses a danger to the community taking into account the charges in this case and the additional evidence proffered by the United States at the detention hearing regarding Defendant's other online contact with young teenage girls, which suggests Defendant was engaged in a pattern of conduct involving the enticement of minors.

## II.

## CONCLUSIONS REGARDING DETENTION

Based on the 18 U.S.C. § 3142(g) factors, Defendant failed to rebut the presumption that detention is necessary. *See* 18 U.S.C. § 3142(e)(3)(A). Defendant's bond proposal was not sufficient to overcome that presumption. Additionally, the United States satisfied its burden of demonstrating that Defendant is a flight risk and a danger to the community, and that no condition or combination of conditions will reasonably assure Defendant's appearance at future court proceedings or the safety of the community.

## III.
## ORDER

IT IS HEREBY ORDERED that:

1. Defendant will be detained pending trial and any sentencing in this matter.

2. Defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant will be afforded reasonable opportunity for private consultation with counsel.

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined will deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and Government counsel.

This order is made without prejudice to future modification by this Court.

IT IS SO ORDERED.

DATED: November 7, 2017

Hon. WILLIAM V. GALLO
United States Magistrate Judge